UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANTWANN GARRETT Individually, and on       )
behalf of all current and former simliarly   )
situated welders, installers, laborers and hourly  )
employees,,                                  )
LAWRENCE MAXEY Individually, and on        )
behalf of all current and former similarly   )
situated welders, installers, laborers and hourly  )
employees,,                                  )
                                             )
                    Plaintiffs,              )
                                             )
        v.                                   )        No. 1:19-cv-01509-SEB-TAB
                                             )
AQUATIC RENOVATION SYSTEMS, INC.            )
    d/b/a RENOSYS                            )
    d/b/a RENOSYS CORP.                      )
    d/b/a SAUNA SOURCE,                      )
                                             )
                    Defendant.               )
_____)
                                             )
AQUATIC RENOVATION SYSTEMS, INC.,           )
                                             )
                    Counter Claimant,        )
                                             )
        v.                                   )
                                             )
ANTWANN GARRETT Individually, and on        )
behalf of all current and former similarly   )
situated welders, installers, laborers and hourly  )
employees,,                                  )
LAWRENCE MAXEY Individually, and on         )
behalf of all current and former similarly   )
situated welders, installers, laborers and hourly  )
employees,,                                  )
                                             )
                    Counter Defendants.     )

## ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

On June 10, 2019, Plaintiffs Antwann Garrett and Lawrence Maxey, individually and on behalf of those similarly situated, filed their Amended Complaint, [Dkt. 20], alleging that Defendant Aquatic Renovation Systems, Inc. d/b/a RenoSys, d/b/a RenoSys Corp., and d/b/a Sauna Source ("RenoSys") violated provisions of the Indiana Wage Payment Statute, Indiana Code § 22-2-5-1 *et seq*., and the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.* ("FLSA"). Now before us is RenoSys's Partial Motion to Dismiss Plaintiffs' FLSA overtime claims (Count III ¶¶ 52–58, 60–61 and Count IV), pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 25].

For the reasons detailed below, we **grant** Defendant's Partial Motion to Dismiss.

## Factual Background

Plaintiffs' FLSA overtime claims are based on the following alleged facts.

RenoSys sells and installs swimming pools, swimming pool liners, and other swimming pool products within the Southern District of Indiana and elsewhere. [Compl. ¶ 7]. Plaintiff Antwonn Garrett was employed by RenoSys as either an installer or welder for various periods of time, the most recent ending in May 2018. [*Id.* ¶ 8]. Plaintiff Lawrence Maxey was employed by RenoSys as an installation crew member for slightly more than one year from April 2017 to May 2018. [*Id.* ¶ 9]. Plaintiffs both were paid on an hourly basis and neither was exempt from the FLSA's overtime provisions. [*Id.* ¶ 11].

In their respective employment positions, Plaintiffs traveled across the United States installing or repairing swimming pools, swimming pool liners, and swimming pool parts. [*Id.* ¶ 12]. RenoSys's work schedules frequently were driven by contract

completion deadlines. Thus, it was not unusual for Plaintiffs to work more than forty hours in a particular workweek. [*Id.* ¶ 16]. Plaintiffs, however, are unable to identify any specific week in which they worked more than forty hours, "but they know it was not uncommon." [*Id.*]. They claim that RenoSys did not properly compensate them for those weeks they worked in excess of forty hours. [*Id.* ¶ 24].

In or around 2018, Plaintiffs began using a web-based application known as "Tsheets" to electronically record their hours. [*Id.* ¶ 17]. Tsheets included GPS capabilities, which provided validation for the times spent by crew members at a jobsite or in transit. [*Id.* ¶ 18]. Tsheets also enabled RenoSys to modify or adjust the hours reported by employees as necessary. [*Id.* ¶ 19]. RenoSys routinely took advantage of this feature to reduce the hours recorded by employees, resulting in their being paid for fewer hours than the number they had actually worked. [*Id.* ¶ 21]. Plaintiffs regularly complained to RenoSys management about its docketing practices and their shorted paychecks. [*Id.* ¶ 22].

RenoSys maintains a system of business records reflecting all instances in which employees were not paid for the times they reported, including occurrences when employees were not fully compensated for their overtime hours. [*Id.* ¶¶ 23-24].

## Analysis

### I.    Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). At minimum, a plaintiff is required to support its complaint with "some specific facts." To state an overtime wage claim under the FLSA, an employee "must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018). Although plaintiffs are not required to "plead specific dates and times that there were undercompensated hours, they must 'provide some factual context that will nudge their claim from conceivable to plausible.'" *Id.*

In addressing RenoSys's Motion to Dismiss, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013) (citing *Iqbal*, 556 U.S. at 678).

## II. Discussion

The FLSA requires employers to pay their qualified employees a minimum hourly wage and one-and-a-half times their hourly wage for every hour worked in excess of forty hours per week. *See* 29 U.S.C. §§ 206(a), 207(a)(1). The elements of a claim for a denial of overcompensation include that: (1) the plaintiff was employed by the defendant; (2) the defendant was engaged in interstate commerce or the plaintiff is otherwise covered by the FLSA; (3) the plaintiff worked in excess of 40 hours in any given workweek, and (4) the defendant did not pay the plaintiff overtime wages. *Delgado v. Directv, Inc.*, No. 1:14-CV-01722-SEB-DML, 2016 WL 1043725, at *6 (S.D. Ind. Mar. 16, 2016).

RenoSys insists, in accordance with Seventh Circuit precedent as well as "many other decisions" of courts outside our Circuit, that Plaintiffs' individual FLSA overtime claims (Count III, ¶¶ 52–58, 60–61) require dismissal for their failure to "plead a specific week in which they were underpaid[.]" Further, if their individual FLSA overtime claims are dismissed, Plaintiffs cannot serve as representatives of the putative collective action. Accordingly, RenoSys also seeks dismissal of Plaintiffs' FLSA collective action overtime claim (Count IV).

RenoSys cites the Seventh Circuit decision in *Hirst v. Skywest, Inc.* as support for the argument that, in order to maintain an FLSA claim, Plaintiffs must identify a "specific week" in which they were not adequately compensated for their overtime hours. However, *Hirst* expressly holds that plaintiffs "need not" plead specific dates to survive a motion to dismiss. 910 F.3d at 966. While RenoSys draws on an extensive excerpt from the *Hirst* opinion to support its position, it misleadingly inserted an ellipsis to exclude the specific directive from the Seventh Circuit. RenoSys's disingenuous argument that Plaintiffs must "plead [] specific week[s] in which they were underpaid" is contrary to the express holding of the Seventh Circuit.

Unwilling to abandon its arguments that Plaintiffs' FLSA overtime claims must nonetheless nonetheless dismissed despite any requirement that specific weeks in which the overtime violations occurred must be pled, RenoSys next challenges the factual sufficiency of the averments in the Amended Complaint in terms of their raising "a plausible inference that there was at least one workweek in which [they] were underpaid." *Id.* at 967.

RenoSys concedes that Plaintiffs have sufficiently alleged facts to establish RenoSys's alleged pattern of underpaying its employee, citing Plaintiffs' allegations that RenoSys routinely struck hours from employees' timesheets causing employees to be undercompensated for the hours they had actually worked. However, RenoSys contends these allegations do not include *overtime* pay violations, only generalized claims for *underpayment*. These allegations underlying overtime violations are merely "conclusory allegations." Thus, says RenoSys, Plaintiffs' Amended Complaint lacks a sufficient factual basis to support their FLSA overtime claims.

We agree with RenoSys's cited deficiencies in the Amended Complaint with respect to the overtime claims. Plaintiffs' allegations regarding RenoSys's timesheet editing procedures may prove relevant to Plaintiffs' overtime claims, but those allegations do not suffice to state a claim against RenoSys for separate overtime pay violations. The Amended Complaint references only that it was not "uncommon" for employees to work more than forty hours in a workweek, for which they were not properly compensated. Although federal courts have diverged in terms of how much specificity is required in pleading claims under the FLSA, *Delgado*, 2016 WL 1043725, at *6, they generally agree that broad assertions that employees were not adequately compensated for their hours worked in excess of forty do not provide the necessary factual specificity to state a plausible FLSA overtime claim.[1] To hold otherwise would

---

[1] *Compare Hancox v. Ulta Salon, Cosmetics, & Fragrance, Inc.*, No. 17-CV-01821, 2018 WL 3496086, at *3 (N.D. Ill. July 20, 2018) (concluding that plaintiff "clear[ed] the pleading hurdle, though not by a lot" when she alleged that she worked more than forty hours in thirty to thirty-five weeks in certain date range) *and Delgado*, 2016 WL 1043725, at *6 (denying motion to

effectively permit conclusory recitations of the statutory elements, stripped of any

underlying factual information, for an FLSA overtime claims in contravention of the

well-settled rule that such recitations are insufficient to survive a motion to dismiss. *See*

*McReynolds v. Merrill Lynch & Co*., 694 F.3d 873, 886 (7th Cir.

2012) (citing *Iqbal*, 556 U.S. at 679).

We offer no opinion as to whether the evidence will eventually establish that

RenoSys has not adequately compensated Plaintiffs for the hours they worked in excess

of forty per week. We rest our decision here on the insufficiency of the Amended

Complaint in which Plaintiffs have not included sufficient factual allegations to "nudge

their claims from conceivable to plausible." We are also not convinced that discovery of

RenoSys's records provides a justification for Plaintiffs' failure to include in their

pleadings any specific facts related to the alleged overtime violations, given that

"Plaintiffs are presumed to know how much they worked and how much they earned."

*Delgado* 2016 WL 1043725, at *4.

---

dismiss FLSA overtime claim where plaintiffs alleged that they worked over forty hours in "virtually every week between certain dates" and identified the number hours they spent working for which they were not paid) *with Hayes v. Thor Motor Coach, Inc*., No. 3:19-CV-00375-DRL-MGG, 2019 WL 6352493, at *3 (N.D. Ind. Nov. 27, 2019) (dismissing complaint that merely stated that plaintiff "regularly worked in excess of 40 hours per workweek . . . but [was] not paid all overtime premium compensation owed to her") *and Bland v. Edward D. Jones & Co., L.P*., 375 F. Supp. 3d 962, 979 (N.D. Ill. 2019) (dismissing complaint, noting "courts in this district generally require a plaintiff to plead some details beyond a bare allegation that he or she worked more than 40 hours without premium pay").

Accordingly, Plaintiffs' individual FLSA overtime claim (Count III ¶¶ 52–58, 60–61) must be dismissed. And, because the survival of Plaintiffs' putative collective action overtime claim (Count IV) is contingent on their individual claims, Count IV of the Amended Complaint must also be dismissed. *See Neely v. Facility Concepts, Inc.*, 274 F. Supp. 3d 851, 855–56 (S.D. Ind. Apr. 4, 2017).

## Conclusion

For the reasons stated above, Defendant's Partial Motion to Dismiss [Dkt. 25] is **GRANTED** without prejudice, with leave to replead within 30 days.

IT IS SO ORDERED.

Date: _____2/5/2020_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Distribution:

David J. Bodle
HACKMAN HULETT LLP
dbodle@hhlaw-in.com

Steven T. Henke
HACKMAN HULETT LLP
shenke@hhlaw-in.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Anthony Seaton Ridolfo, Jr.
HACKMAN HULETT LLP
aridolfo@hhlaw-in.com